**Ralph REID, Individually, and as Administrator of the Estate of Lillian Reid, Plaintiff,**

v.

**INDIANAPOLIS OSTEOPATHIC MEDICAL HOSPITAL, INC. d/b/a Westview Hospital, or Indianapolis Osteopathic Hospital, Inc., d/b/a Westview Hospital, Defendants.**

**No. IP88–1034–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 13, 1989.

George Gray, Stephen R. Fox, Gray Robinson Eckert & Ryan, Indianapolis, Ind., for plaintiff.

Irwin B. Levin, Teresa E. Dearing, Cohen & Malad, Indianapolis, Ind., for defendants.

ENTRY

BARKER, District Judge.

This case presents an issue of apparent first impression. On September 5, 1986, Ralph and Lillian Reid were involved in a serious accident and Mrs. Reid was brought to the emergency room of the defendant, Westview Hospital. After being examined and treated by certain physicians at the hospital, arrangements were made to transfer Mrs. Reid to Methodist Hospital in Indianapolis. Sometime after Mrs. Reid was admitted to Methodist Hospital, she died.

The plaintiff brought this action claiming that Westview had failed to provide Mrs. Reid appropriate medical care, had failed to provide her the necessary stabilizing treatment, and had transferred her to Methodist Hospital before her condition had properly stabilized. The complaint was filed under a relatively new federal statute designed to deter "patient dumping." 42 U.S.C. § 1395dd [hereinafter "section 1395dd"]. The term "patient dumping" is used to refer to the practice of those hospitals which, despite being capable of providing the needed medical care, send patients to

other facilities or turn patients away because those patients are unable to pay.

As an enforcement mechanism, section 1395dd creates, *inter alia,* a private cause of action against a hospital that improperly transfers a patient. The language of this federal statute, however, incorporates state standards to delineate the damages that would be available through such a civil action:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of ... [this statute] may, in a civil action against the ... hospital, *obtain those damages available for personal injury under the law of the state in which the hospital is located,* and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(3)(A) (emphasis added). In Indiana, medical malpractice actions are statutorily limited in two different ways: they are limited procedurally, *see* Ind.Code § 16–9.5–9–2 (stating that "[n]o action against a health care provider may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel"), and they are limited in the amount of damages they may seek, *see* Ind.Code § 16–9.5–2–2(b) (stating that a "health care provider qualified under this article is not liable for an amount in excess of one hundred thousand dollars [$100,000] for an occurrence of malpractice").

The defendant has moved to dismiss Mr. Reid's complaint, and oral argument on the motion was heard in open court on April 7, 1989. Westview argues that the complaint fails to state a claim upon which relief can be granted because the plaintiff's allegations fall within the scope of the Indiana Medical Malpractice Act and the plaintiff has admittedly not filed his proposed complaint with the medical review panel as Indiana Code § 16–9.5–9–2 would require. In light of the fact that the requirements of section 16–9.5–9–2 are jurisdictional prerequisites, the defendant concludes that this court should dismiss the complaint for lack of subject matter jurisdiction.

The plaintiff counters by arguing that section 1395dd establishes federal question jurisdiction over claims of patient dumping. The plaintiff urges further that section 1395dd establishes a federal standard of care for hospital treatment based on strict liability. Because the defendant conceded at oral argument that the Indiana medical malpractice statute establishes a negligence standard, Mr. Reid concludes that there is a direct conflict between the federal and state statutes and that the federal statute must therefore prevail under the express preemption clause of section 1395dd. *See* 42 U.S.C. § 1395dd(f) (stating that "[t]he provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section.") As a result of this preemption, the plaintiff argues that neither of the Indiana statutory limitations on medical malpractice actions are incorporated through the language of section 1395dd(d)(3)(A).

The court finds that the defendant's proposed reading of the incorporation language of section 1395dd is unacceptably broad, and the plaintiff's proposed reading of the same language is unacceptably narrow. The defendant's argument that the phrase, "those damages available for personal injury under the law of the State in which the hospital was located," evidenced a congressional intent to incorporate state *procedures,* as well as state substantive limitations on the amount of damages recoverable, is clearly untenable. The defendant was unable to cite (nor is the court aware of) a single other instance in which a federal statute has incorporated state *procedural* limitations on a federal cause of action brought in a federal court.[1]

If Congress had chosen to take such an extraordinary step in section 1395dd, it cer-

---

1. Despite the defendant's hints to the contrary, section 1395dd has obviously created a *federal* cause of action that can be pursued in *federal* courts. *See Bryant v. Riddle Memorial Hosp.,* 689 F.Supp. 490, 493 (E.D.Pa.1988).

tainly would have chosen more precise language than that utilized in section 1395dd(d)(3)(A). More importantly, however, the court finds that even if section 1395dd(d)(3)(A) could reasonably be read as calling for the general incorporation of state procedural restrictions, such incorporation of Indiana's statute would be barred by the preemption clause of section 1395dd(f). The Indiana Code's provision that no cause of action against a health care provider arises until an opinion has been rendered by the state medical review panel "directly conflicts" with section 1395dd's provision that such a cause of action arises whenever "[a]ny individual ... suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section." 42 U.S.C. § 1395dd(d)(3)(A).

Furthermore, at oral argument the defendant conceded that the Indiana Medical Malpractice Act was based on a negligence standard, whereas the federal anti-dumping statute was based on a strict liability standard. Thus, if the Indiana medical review panel were permitted to screen Mr. Reid's complaint before it could be properly presented to this court, the panel's determination of whether or not Mr. Reid stated a valid claim under the state's negligence standard would, at best, be totally irrelevant to this court's determination of whether Westview violated section 1395dd. At worst, the panel's opinion that Mr. Reid failed to state a valid claim could "directly conflict" with the strict liability standards of the federal statute—further justifying preemption under section 1395dd(f).

On the other hand, the court finds equally untenable the plaintiff's position that section 1395dd(d)(3)(A) should be read as not incorporating *any* of the provisions of the Indiana medical malpractice statute. According to the plaintiff, section 1395dd(d)(3)(A) expressly incorporates the state's measure of damages for "personal injury"—and this general term should not be read as meaning "personal injury due to medical malpractice."

The legislative history of section 1395dd is completely silent on the question of whether the phrase "those damages available for personal injury under the law of the state" should be read as including state limitations on medical malpractice damages. *See, e.g.,* House Report No. 99–241 (Part 1), 1986 U.S.Code Cong. & Admin. News 42, 579, 605. Yet, the court finds that the plaintiff's proposed reading of section 1395dd(d)(3)(A) would render the statute's incorporation clause effectively meaningless.

■ The plaintiff urges that section 1395dd(d)(3)(A) only incorporates those state laws that limit damages available for "personal injury" in general; but, at oral argument, the plaintiff was unable to cite a single state with a statute that generally limited personal injury damages. In other words, the plaintiff wishes the court to read the damages limitation clause of section 1395dd(d)(3)(A) as in fact providing no limitation whatsoever. By contrast, when Congress drafted section 1395dd(d)(3)(A), it was clearly aware of a growing concern in some states that excessive damage awards were fueling a medical malpractice "crisis." *See, e.g.,* House Report No. 99–241 (Part 3), at 6, 1986 U.S.Code Cong. & Admin.News at 727. As a result, a number of such states had recently enacted ceilings on the amount of damages that could be recovered from medical personnel—ceilings that Congress apparently wished to preserve through the incorporation clause of section 1395dd(d)(3)(A).

Furthermore, it is entirely reasonable to read the language of section 1395dd(d)(3)(A) as incorporating state law caps on medical malpractice damages: the federal statute states that individual plaintiffs can only "obtain those damages available for personal injury under the law of the state," and in those states (such as Indiana) with restrictive medical malpractice statutes, the amount of damages that would be "available" for a personal injury claim against a health care provider would be *only* those damages available under that medical malpractice statute itself. Thus the court finds that, although section 1395dd(d)(3)(A) does not incorporate Indiana's procedural limitation on medical

malpractice claims, it does incorporate the state's substantive limitation on the maximum amount recoverable for personal injury from a health care provider. *See* Ind. Code § 16–9.5–2–2.

In light of the above analysis, the court hereby DENIES the defendant's motion to dismiss Mr. Reid's complaint made on the grounds that the plaintiff failed, pursuant to Indiana Code section 16–9.5–9–2, to present his proposed complaint to Indiana's medical review panel prior to commencing the present action. In addition, all future action in this case relating to the measure of plaintiff's damages under the Act, if any, shall be subject to the analysis and holding in this entry.

It is so ORDERED.