920 F.2d 710
 32 Soc.Sec.Rep.Ser. 41, Medicare&Medicaid Gu 39,132
Tawina K. STEVISON, a minor, by her guardian ad litem David
COLLINS, Plaintiff-Appellant,
v.
ENID HEALTH SYSTEMS, INC., a Delaware corporation, doing
business as Enid Memorial Hospital; Community
Health Systems, Inc., Defendants-Appellees.
 No. 89-6098.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 3, 1990.
 
 Alec McNaughton of McNaughton & McNaughton, Enid, Okl. (Susan McNaughton of McNaughton & McNaughton, Enid, Okl., and George Braly of Braly & Braly, Ada, Okl., with him on the brief), for plaintiff-appellant.
 G. Scott Ray (Glen D. Huff with him on the brief) of Foliart, Huff, Ottaway & Caldwell, Oklahoma City, Okl., for defendants-appellees.
 Before BALDOCK, BARRETT, and EBEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Tawina K. Stevison, a minor, by her next friend David Collins, appeals from the entry of a jury verdict in favor of defendant Enid Health Systems, Inc. on her claim brought pursuant to 42 U.S.C. Sec. 1395dd(a). Specifically, plaintiff asserts the district court erred in submitting a jury instruction which improperly shifted her burden of proof under the statute. We agree and remand the case for a new trial.
 
 BACKGROUND
 
 2
 On March 19, 1988, plaintiff and her mother went to Enid Memorial Hospital's emergency room after plaintiff complained of severe stomach pains.[1] Plaintiff was thirteen years old at the time. Upon arrival, plaintiff's mother was asked to fill out a standard form. One of the questions related to insurance. Plaintiff's mother informed the duty nurse that she had no insurance "except welfare."
 
 
 3
 The sequence of events after this point is greatly disputed. Plaintiff contends her mother requested a medical exam but was told no one would see her daughter unless she made a $50.00 payment, which she could not do. Conversely, defendant asserts the nurse told plaintiff's mother that welfare did not ordinarily cover emergency room visits, and therefore she would be billed at some time in the future. It is undisputed that plaintiff and her mother left the hospital without receiving any treatment.
 
 
 4
 The next day, plaintiff's appendix ruptured. An emergency operation was performed at a different Enid hospital. Plaintiff allegedly suffered greater postoperative pain than she would have if the appendix had been removed earlier. Further, the procedure itself was more complex. She also alleges she may be unable to have children as a result of the rupture.
 
 
 5
 Plaintiff brought suit under 42 U.S.C. Sec. 1395dd(a). That statute states:
 
 
 6
 Sec. 1395dd. Examination and treatment for emergency medical conditions and women in active labor
 
 
 7
 (a) Medical screening requirement
 
 
 8
 In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1) of this section) exists or to determine if the individual is in active labor (within the meaning of subsection (e)(2) of this section).
 
 
 9
 (Emphasis added.)
 
 
 10
 At trial, the district court gave the following jury instruction:
 
 42 U.S.C. Sec. 1395dd--ESSENTIAL ELEMENTS
 
 11
 In order to prove the essential elements of her cause of action for violation of the statute, the burden is upon the Plaintiff to establish by a preponderance of the evidence, the following facts:
 
 
 12
 (1) Tawina Stevison came to the emergency department of Enid Memorial Hospital;
 
 
 13
 (2) A request was made on her behalf for examination or treatment for a medical condition;
 
 
 14
 (3) An appropriate medical screening examination to determine whether or not an "emergency medical condition" existed was not conducted;
 
 
 15
 (4) The request for examination or treatment was not withdrawn. A withdrawal is not effective if it is coerced or involuntary.
 
 
 16
 Elements one, two and three have been stipulated by the parties.
 
 
 17
 Plaintiff's counsel objected to the fourth element of the instruction on the ground that it constituted an improper shift in the burden of proof.[2] The district court overruled the objection and the jury returned a defense verdict.
 
 DISCUSSION
 
 18
 When reviewing jury instructions, we look at " 'the record as a whole to determine whether the instructions state the law which governs and provided the jury with an ample understanding of the issues and the standards applicable.' " Big Horn Coal Co. v. Commonwealth Edison Co., 852 F.2d 1259, 1271 (10th Cir.1988) (quoting Ramsey v. Culpepper, 738 F.2d 1092, 1098 (10th Cir.1984)). The district court need not restate a requested instruction exactly, so long as the resulting instruction is accurate and fair to all the parties. Villanueva v. Leininger, 707 F.2d 1007, 1009 (8th Cir.1983). Reversal is required only if an error was prejudicial. Big Horn Coal, 852 F.2d at 1271 n. 19.
 
 
 19
 Here, the district court had the difficult task of fashioning a jury instruction on a newly enacted statute.[3] Due to its recent enactment, there is little case law interpreting section 1395dd. See generally Owens v. Nacogdoches County Hosp. Dist., 741 F.Supp. 1269 (E.D.Tex.1990); Reid v. Indianapolis Osteopathic Medical Hosp., Inc., 709 F.Supp. 853 (S.D.Ind.1989). Further, the legislative history does not speak to the appropriate method for outlining a cause of action under the statute.
 
 
 20
 This section was enacted as a response to the nationwide problem of "dumping" indigent patients who have no health insurance. See H.R.Rep. No. 99-241, 99th Cong.2d Sess. 27, reprinted in 1986 U.S.Code Cong. & Admin.News 579, 605-06; see also Owens 741 F.Supp. at 1271-72 (outlining reasons for enactment). Specifically, Congress sought to eliminate the widespread practice of refusing treatment to indigent patients in medical emergencies. A civil enforcement provision allows those harmed to bring suit against the violating hospital. 42 U.S.C. Sec. 1395dd(d)(3)(A).[4]
 
 
 21
 The language of the statute is very explicit. Hospitals must provide a medical screening to any person requesting treatment to determine whether an emergency medical condition exists. If treatment is required, the hospital must stabilize the patient's condition prior to any transfer. 42 U.S.C. Sec. 1395dd(b)(1)(A). However, a hospital has satisfied its obligations under the statute if the patient refuses to consent to treatment. 42 U.S.C. Sec. 1395dd(b)(2).
 
 
 22
 Here, there is a factual dispute whether plaintiff withdrew her initial request for treatment. It is this alleged withdrawal, rather than a failure to consent, that is at issue. Plaintiff argues that pursuant to the explicit language of section 1395dd(a), the burden of proof rests with defendant to show the request was withdrawn. We agree.
 
 
 23
 Section 1395dd(a) contains mandatory language. Under the statute, the hospital must provide for medical screening if a request is made. See Reid, 709 F.Supp. at 855 (court acknowledging that section 1395dd sets forth a strict liability standard). We construe this statute as imposing a strict liability standard subject to those defenses available in the act. Because there is no dispute here that a request was made, plaintiff satisfied her initial burden under the statute. It was then incumbent upon defendant to show by a preponderance of the evidence that the request was withdrawn.[5] In its liability instruction, the district court inappropriately shifted the burden of proof.
 
 
 24
 Jury instructions outlining the appropriate burden of proof are almost always crucial to the outcome of the trial. Taylor v. National Trailer Convoy, Inc., 433 F.2d 569, 571 (10th Cir.1970). In this case in particular, the burden of showing the request was withdrawn was the key element, as all the others were stipulated. As a consequence, the error cannot be harmless, and the case must be remanded for a new trial.
 
 
 25
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Defendant Enid Health Systems, Inc. is the parent corporation of Enid Memorial Hospital
 
 
 [2]
 Defendant asserts plaintiff failed to preserve her objections on appeal. We disagree. The transcript of proceedings shows counsel specifically objected to the jury instruction as an improper shift in the burden of proof. See Supp.Rec. Vol. I at 2. Further, it is undisputed plaintiff argued throughout the proceedings that the statute imposed a strict liability standard. Plaintiff submitted a proposed strict liability jury instruction. This instruction was denied by the district court
 
 
 [3]
 Section 1395dd was enacted as part of the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA) and is commonly referred to as part of the Emergency Medical Treatment and Active Labor Act. Technical amendments covering a wide range of subjects were enacted in December 1989. All of those amendments took effect on July 1, 1990. We do not believe any of the amendments are applicable to, or dispositive of, the issue presented here
 
 
 [4]
 That section states:
 (3) Civil enforcement
 (A) Personal harm
 Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.
 
 
 [5]
 We do not agree with defendant's assertion that placing the burden on the hospital to show withdrawal will lead to plaintiffs filing suit "simply upon a change of heart." Defendant may still prevail upon a showing that the request was withdrawn