**Chester O. DRAPER, Personal Representative of the Estate of Ilene Draper, Deceased, Plaintiff,**

v.

**Robert CHIAPUZIO, M.D. and Harney County, Oregon, a public body, Defendants.**

**Civ. No. 90–790–FR.**

United States District Court, D. Oregon.

Jan. 28, 1991.

Bernard Jolles, Jolles, Sokol & Bernstein, P.C., Portland, Or., for plaintiff.

Mark H. Wagner, Schwabe, Williamson & Wyatt, Portland, Or., for defendant Robert Chiapuzio, M.D.

Keith J. Bauer, Billy M. Sime, Parks, Bauer & Sime, Salem, Or., for defendant Harney County, Oregon.

## OPINION

FRYE, Judge:

The matters before the court are the motions (# 15) of defendant Harney County, Oregon pursuant to Federal Rule of Civil Procedure 12 for:

1) an order dismissing the amended complaint of plaintiff, Chester O. Draper, Personal Representative of the Estate of Ilene Draper, (the Estate), for failure to state a claim; and

2) an order striking the language in paragraph 2 of the amended complaint "In the operation of that hospital, defendant COUNTY is subject to the Emergency Medical Treatment and Active Labor Act (1985), and, in particular, 42 U.S.C. § 1395dd" and the language in paragraph 5 of the amended complaint "and violated 42 U.S.C. § 1395dd" on the grounds that these allegations are immaterial and the amended complaint fails to state a claim for a violation of 42 U.S.C. § 1395dd.

## ALLEGATIONS OF THE COMPLAINT

Harney County is a county within the State of Oregon which operates a hospital known as the Harney County Hospital. In the operation of that hospital, Harney County is subject to the Emergency Medi-

cal Treatment and Active Labor Act (1985) and, in particular, 42 U.S.C. § 1395dd.

Ilene Draper was a patient in the emergency room of the Harney County Hospital on or about November 7, 1988. Harney County was negligent in its treatment of Ilene Draper thereby violating 42 U.S.C. § 1395dd by:

1) failing to provide medical care and treatment to Ilene Draper in order to stabilize her condition prior to transferring her to St. Charles Hospital in Bend, Oregon;

2) transferring Ilene Draper to St. Charles Hospital in Bend, Oregon when she was in an emergency medical condition and that condition had not been stabilized; and

3) failing to effect the transfer of Ilene Draper through qualified personnel and transportation equipment, with the necessary, medically appropriate life support measures.

The negligence of Harney County was a proximate cause of the death of Ilene Draper on November 9, 1988.

## CONTENTIONS OF THE PARTIES

The amended complaint contains two causes of action against Harney County: a cause of action for common law negligence, and a cause of action under 42 U.S.C. § 1395dd. Harney County contends that these causes of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the Estate failed to give timely notice of its claims to Harney County as required by O.R.S. 30.275.

The Estate contends that a plaintiff who files an action under 42 U.S.C. § 1395dd is not required to comply with the notice requirement of O.R.S. 30.275 because the notice requirement of O.R.S. 30.275 is a procedural requirement that conflicts with the right of action created by section 1395dd.

## APPLICABLE STANDARD

For purposes of a motion under Fed.R. Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.),

*cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

## ANALYSIS AND RULING

The Emergency Medical Treatment and Active Labor Act, 42 U.S.C. 1395dd, was enacted in 1986 in part to combat the growing problem of "patient dumping." *Evitt v. University Heights Hosp.,* 727 F.Supp. 495, 497 (S.D.Ind.1989). The term "patient dumping" refers to the practice of hospital emergency rooms to transfer patients to other medical facilities or to turn them away altogether because they are unable to pay. *Id.*

Section 1395dd(d)(3) provides for civil enforcement of the statute as follows:

(A) Personal harm

Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

The statute also contains a preemption clause, section 1395dd(f), which provides: "The provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section."

In the State of Oregon, the provisions governing tort actions against public bodies are set forth in O.R.S. 30.260 *et seq.* O.R.S. 30.275 provides that notice of a claim of wrongful death against a public body must be filed within one year after the alleged loss or injury. O.R.S. 30.275(2).

Notice of a claim of wrongful death is an inherent part of the statutorily created rights under O.R.S. 30.260 *et seq.* The notice of claim required by Oregon law does not conflict with any provision of 42 U.S.C. § 1395dd. Thus, pursuant to section 1395dd(f), the notice of claim required by Oregon law is not preempted in an action filed under section 1395dd(d).

Harney County was not named as a defendant in the complaint and was not served with a copy of the summons and amended complaint until November 1, 1990, almost two years after the death of Ilene Draper. O.R.S. 30.275(2) requires that notice of a wrongful death claim against a public body must be filed within one year after the death. The Estate has failed to comply with the notice requirements of O.R.S. 30.275. Thus, its claims under the laws of the State of Oregon and therefore under section 1395dd of the federal laws are time-barred.[1]

## CONCLUSION

Harney County's motion to dismiss (# 15) is granted. Harney County's motion to strike (# 15) is rendered moot.

---

1. In light of the court's ruling, it need not decide whether a claim under section 1395dd must contain an allegation that the patient was transferred for economic reasons.