**Chester O. DRAPER, personal representative of the estate of Ilene Draper, Deceased, Plaintiff–Appellant,**

v.

**Robert CHIAPUZIO, M.D., Defendant,**

**and**

**Harney County, Oregon, a public body, Defendant–Appellee.**

No. 91–36290.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 1993 *.

Decided Nov. 18, 1993.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Karl G. Anuta, Jolles, Sokol & Bernstein, Portland, OR, for plaintiff-appellant.

Keith J. Bauer and Billy M. Sime, Parks, Bauer & Sime, Salem, OR, for defendant-appellee.

Before: FARRIS and THOMPSON, Circuit Judges, and HARDY,** District Judge.

PER CURIAM:

Charles O. Draper, personal representative of the estate of Ilene Draper, appeals from the district court's dismissal of his action against Harney County, Oregon, 755 F.Supp. 331, alleging that the County, as operator of the Harney County Hospital, violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Draper argues that the district court erred in applying Oregon's one-year tort claim notice requirement, which provides that notice

** Honorable Charles L. Hardy, Senior United States District Judge for the District of Arizona, sitting by designation.

of a claim against a public body in a wrongful death action must be filed within one year of the alleged loss or injury. Or.Rev.Stat. 30.-275. Draper contends that ORS 30.275 is preempted by the two-year statute of limitations for suits brought under the Act. 42 U.S.C. § 1395dd(d)(2)(C). We reject the argument.

■ Congressional intent is the sole guide in determining whether federal law preempts a state statute. *See California Fed. Sav. & Loan Ass'n v. Guerra,* 479 U.S. 272, 280, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987). In ascertaining this intent, we must respect legislative provisions that explicitly address preemption:

> When Congress has considered the issue of preemption and has included in the enacted legislation a provision explicitly addressing that issue, and when that provision provides a reliable indicium of congressional intent with respect to state authority, there is no need to infer congressional intent to preempt state laws from the substantive provisions of the legislation.

*Cipollone v. Liggett Group, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2608, 2618, 120 L.Ed.2d 407 (1992) (citations omitted). The Act contains such a provision: "The provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." 42 U.S.C. § 1395dd(f). We therefore look only to this language and construe its preemptive effect as narrowly as possible. *Cipollone,* —— U.S. at ——, 112 S.Ct. at 2618.

The key phrase is "directly conflicts." A state statute directly conflicts with federal law in either of two cases: first, if "compliance with both federal and state regulations is a physical impossibility," *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217–18, 10 L.Ed.2d 248 (1963), or second, if the state law is "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941); *see Guerra,* 479 U.S. at 281, 107 S.Ct. at 689.

■ Here, compliance with both federal and state law is not a "physical impossibility." In fact, it is easy. A plaintiff need simply give the required notice under the state statute within one year and file his lawsuit under the Act within two years. Only a plaintiff who waits more than one year to give the required notice under the state statute can no longer comply with both state and federal law. Such a plaintiff would be barred, in Oregon, from bringing a claim under the Act, but the test is whether compliance is impossible, not whether noncompliance is possible. *See, e.g., English v. General Elec. Co.,* 496 U.S. 72, 79, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990); *see also Robertson v. Wegmann,* 436 U.S. 584, 593, 98 S.Ct. 1991, 1996, 56 L.Ed.2d 554 (1978) ("A state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation.").

Nor is Oregon's notice-of-claim requirement an obstacle to the accomplishment of Congress' objectives under the Act. As the district court noted, one of Congress' purposes in enacting the Act was to combat "patient dumping," which describes a hospital's refusal to treat a patient who is unable to pay. Oregon's notice-of-claim statute is not inconsistent with this objective. It simply addresses a concern that the Act does not, namely the historical concern of governmental bodies that they be given reasonably prompt notice of tort claims against them. Oregon's notice-of-claim requirement is not so burdensome or inconsistent with the objectives of the Act that it frustrates Congress' purposes in enacting it.

■ Draper's analogy to 42 U.S.C. § 1983 preemption is unpersuasive. Section 1983 does not contain a provision defining its preemptive reach. To determine Congress' intent—the "ultimate touchstone" of preemption analysis—in the absence of an express congressional command, courts look to the statute's structure and purpose. *See Cipollone,* —— U.S. at ——, 112 S.Ct. at 2617. Notice-of-claim provisions were held to be inconsistent with the structure and purpose of section 1983, which is to provide compensatory relief to those deprived of their federal rights by state actors. *Felder v. Casey,*

487 U.S. 131, 141, 108 S.Ct. 2302, 2308, 101 L.Ed.2d 123 (1988).

Such analysis of the structure and purpose of a statute is inappropriate where, as here, Congress has spoken on the issue of preemption. *Cipollone,* —— U.S. at ——, 112 S.Ct. at 2618. It does not matter that the Act's legislative history is "replete with references to the Act's compensatory and deterrent purposes." *Power v. Arlington Hosp.,* 800 F.Supp. 1384, 1389 (E.D.Va.1992). We ask only whether it is physically impossible to comply with both state and federal law, and whether the state law is an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the Act. Because it is physically possible to comply with both Oregon's one-year notice-of-claim requirement and the Act's two-year statute of limitations, and because the notice-of-claim requirement is not an obstacle to the accomplishment and execution of the full purposes and objectives of the Act, the Act does not preempt Oregon's notice-of-claim requirement.

Finally, both parties argue forcefully over whether Congress has abrogated Harney County's Eleventh Amendment immunity. The arguments are misplaced, however. The Eleventh Amendment does not bar suits against municipalities or political subdivisions of a state. *Mt. Healthy City Sch. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987).

AFFIRMED.