696 So.2d 1346 (1997)
Carlos DIAZ, as personal representative of the Estate of Lazaro Diaz on Behalf of the Estate of Lazaro Diaz and on Behalf of Juan Diaz and Yolanda Diaz, as survivors of Lazaro Diaz, Appellants,
v.
CCHC-GOLDEN GLADES, LTD., a limited partnership with Commonwealth Continental Health Care, Inc., general partner, d/b/a Golden Glades Regional Medical Center, Ltd., Appellee.
No. 96-467.
District Court of Appeal of Florida, Third District.
July 23, 1997.
*1347 Arnold R. Ginsberg; Hoppe & Stokes, Miami, for appellants.
Womack, Appleby & Brennan and J. Lorraine Brennan, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
SCHWARTZ, Chief Judge.
Primarily because of the legislative history set out by the Fourth Circuit in Power v. Arlington Hospital Association, 42 F.3d 851, 862-63 (4th Cir.1994), reversing Power v. Arlington Hospital, 800 F.Supp. 1384 (E.D.Va.1992) on this point, we are forced to the conclusion that the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C.A. § 1395dd(d)(2)(A)(1992),[1] incorporates all the vagaries of the state medical malpractice law in the determination of the damages recoverable in an action under the Act. Accord Reid v. Indianapolis Osteopathic Medical Hosp., Inc., 709 F.Supp. 853 (S.D.Ind.1989); see also Brooks v. Maryland Gen. Hosp., Inc., 996 F.2d 708, 714-15 (4th Cir.1993).
The unfortunate result in this case, as was correctly held below, is that under the thus applicable exception provided in section 768.21(8), Florida Statutes (1995),[2],[3] the present plaintiffs have no meaningful EMTALA (or Florida) claim whatever for the death of their adult child even if, as alleged, the defendant hospital violated the statute.
Affirmed.
NOTES
[1] (A) Personal harm

Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.
[2] (8) The damages specified in subsection (3) shall not be recoverable by adult children and the damages specified in subsection (4) shall not be recoverable by parents of an adult child with respect to claims for medical malpractice as defined by s.766.106(1).
[3] Because there is no contention that section 768.21(8) is itself invalid, cf. University of Miami v. Echarte, 618 So.2d 189 (Fla.1993), cert. denied, 510 U.S. 915, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993); Smith v. Department of Ins., 507 So.2d 1080 (Fla.1987); Vildibill v. Johnson, 492 So.2d 1047 (Fla.1986), we note, but do not pass upon that possibility.