SCHWARTZ, Chief Judge,
specially concurring.
I concur because I am bound to do so by Mizrahi. See In re Rule 9.331, 416 So.2d 1127 (Fla.1982). However, as I have previously indicated, see Diaz v. CCHC-Golden Glades, Ltd., 696 So.2d 1346, 1347 n. 3 (Fla. 3d DCA), review denied, 703 So.2d 475 (Fla.1997), cert. denied, — U.S. ——, 118 S.Ct. 1797, 140 L.Ed.2d 938 (1998), I believe that it is contrary to the requirements of substantive due process[1] and equal protection to discriminate between survivors of the victim of a wrongful death on the basis of their age only to accomplish the stated purpose of making medical malpractice insurance somewhat less expensive. To my mind, it is no less “unreasonable, arbitrary, capricious, discriminatory [and] oppressive”, 10 Fla.Jur.2d Constitutional Law § 427, at 740 (1997), and cases cited, to restrict the right to recover on this basis than it would be for the legislature to do so as to survivors with blue eyes or— heaven forfend! — of less than a certain height.

. I would prefer that the certified question similarly reflect that the issue involves both due process and equal protection.