**Rosie Nell HOLCOMB, as Administrator of the Estate of Barbara Jean Smith, Deceased,**

v.

**Paul P. MONAHAN, M.D. and Humana Medical Corporation, Inc. d/b/a Humana Hospital—Montgomery.**

Civ. A. No. 92–A–522–N.

United States District Court, M.D. Alabama, N.D.

Nov. 30, 1992.

Tom Dutton, Birmingham, AL, for plaintiff.

Paul Monahan, pro se.

Armstead L. Hayes, III, Montgomery, AL, for defendants.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

This cause is before the court on the Motion to Dismiss filed by Defendant identified as Humana, Inc., d/b/a/ Humana Hospital—Montgomery ("Humana Hospital"), on June 3, 1992. For the reasons set out below, the court is of the opinion that the Motion to Dismiss should be granted in part and denied in part. Additionally, the court is of the opinion that it does not have jurisdiction over Defendant Paul P. Monahan, M.D. ("Monahan") (Humana Hospital and Monahan collectively referred to as "Defendants") and *sua sponte* dismisses the complaint against him.

### I. Facts

Barbara Jean Smith ("Smith") sought medical treatment from the Emergency Room at Humana Hospital on May 4, 1990. She was attended by Monahan. According to Plaintiff, when Smith entered Humana Hospital she was one week postpartum, had a temperature in excess of 104 degrees, had a rapid pulse, and had an elevated respiration rate. On May 9, 1990, Smith died.

Plaintiff alleges that Smith died as a result of the Defendants' failure to adequately screen Smith to determine the nature and extent of her condition. Plaintiff also alleges that the Defendants failed to provide Smith with treatment to stabilize her condition or to provide her transfer to another medical facility, but instead, discharged her from the emergency room in an unstabilized condition.

Plaintiff filed suit on April 27, 1992 alleging violation of 42 U.S.C. § 1395dd, *et seq.*,[1] the Emergency Medical Treatment and Active Labor Act[2] ("EMTALA"). She seeks the civil penalty authorized by § 1395dd(d)(1)(A)[3], which permits recovery of civil money penalties of not more than $50,000.00 against hospitals, the civil penalty authorized by § 1395dd(d)(1)(B)[4], which permits recovery of civil money penalties of not more than $50,000.00 against physicians, and damages under the Alabama Wrongful Death Act, pursuant to § 1395dd(d)(2)(A)[5].

Humana Hospital has moved to dismiss for four reasons: (1) that the Defendant does not own, operate, or manage the Humana Hospital—Montgomery; (2) that the Plaintiff's complaint fails to state a claim upon which relief can be granted because she failed to comply with Ala.Code § 6–5–551 (Supp.1987); (3) that Plaintiff's claim is barred by the applicable statute of limitations; and (4) that Plaintiff's complaint fails to state a claim upon which relief can be granted.

## II. Analysis

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to

1. It is unclear whether Plaintiff seeks recovery under the current version of § 1395dd, or the version in force when the alleged acts/omissions occurred. For convenience, the court will refer to section numbers in the current version of § 1395dd, *et seq.* (includes 1990 amendments). Certain changes were made to the Act after May 1990, including numbering of sections, but those changes have no effect on the outcome of this Motion to Dismiss.

2. This was enacted as part of the Consolidated Omnibus Budget Reconciliation Act of 1986 (Social Security Act, § 1867, as amended, 42 U.S.C. § 1395dd) often referred to as "COBRA", and is also known as the "Anti–Dumping Statute."

3. Section 1395dd(d)(1)(A) reads as follows:
 "A participating hospital that negligently violates a requirement of this section is subject to a civil money penalty of not more than $50,000 (or not more than $25,000 in the case of a hospital with less than 100 beds) for each such violation. The provisions of section 1320a–7a of this title (other than subsections (a) and (b)) shall apply to a civil money penalty under this subparagraph in the same manner as such provisions apply with respect to a penalty or proceeding under 1320a–7a(a) of this title."

4. Section 1395dd(d)(1)(B) reads as follows:
 "Subject to subparagraph (C), any physician who is responsible for the examination, treatment, or transfer of an individual in a participating hospital, including a physician on-call for the care of such an individual, and who negli-

gently violates a requirement of this section, including a physician who—
 (i) signs a certification under subsection (c)(1)(A) of this section that the medical benefits reasonably to be expected from a transfer to another facility outweigh the risks associated with the transfer, if the physician knew or should have known that the benefits did not outweigh the risks, or
 (ii) misrepresents an individual's condition or other information, including a hospital's obligations under this section,
is subject to a civil money penalty of not more than $50,000 for each such violation and, if the violation is gross and flagrant or is repeated, to exclusion from participation in this subchapter and State health care programs. The provisions of section 1320a–7a of this title (other than the first and second sentences of subsection (a) and subsection (b)) shall apply to a civil money penalty and exclusion under this subparagraph in the same manner as such provisions apply with respect to a penalty, exclusion, or proceeding under section 1320a–7a(a) of this title."

5. Section 1395dd(d)(2)(A) reads as follows:
 "Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate."

relief."). The court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232; *Taffet v. Southern Co.,* 930 F.2d 847, 851 (11th Cir.1991).

### A.

■ Humana Hospital first alleges that the complaint should be dismissed because the Plaintiff has not properly sued Humana Hospital. Defendant claims that Humana, Inc. does not own or operate Humana Hospital—Montgomery. In her Response to the Motion to Dismiss, the Plaintiff states that the Defendant was sufficiently identified such that Humana Medical Corporation, Inc., the proper party, was on proper notice of the claim against it. In fact, Plaintiff points out that Humana Hospital attached the affidavit of Lee Ashbury, Executive Director of Humana—Montgomery, in support of its Motion to Dismiss. Additionally, the Plaintiff filed an amended complaint, substituting Humana Medical Corporation, Inc. for Humana, Inc. This amendment relates back to the date of the original complaint. Fed.R.Civ.P. 15(c). Accordingly, the Motion to Dismiss on this ground is due to be denied.

### B.

■ Humana Hospital next argues that dismissal is proper because the Plaintiff failed to comply with Ala.Code § 6–5–551[6], which requires that medical malpractice claims be pled with detailed specification and a factual description of each act and omission alleging liability of a health care provider. Plaintiff contends that this is not a medical malpractice claim and § 6–5–551, therefore, does not apply.

The Plaintiff has filed suit under 42 U.S.C. § 1395dd, *et seq.* in federal court, rather than under a state law cause of action in state court. Since the Plaintiff has filed in federal court, the Federal Rules of Civil Procedure apply. Fed.R.Civ.Pro. 1. Under the Federal Rules, Rule 8 requires that the pleading contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.Pro. 8(a)(2). This does not require the Plaintiff to plead his claim with the particularity required by Ala.Code § 6–5–551. Defendant has not cited the court to any provision in the Federal Rules that would require Plaintiff's complaint to be pled with the specificity and detail required by § 6–5–551, nor has it cited the court to any case law that has determined that a complaint under the EMTALA should be pled with any more specificity than that required by Rule 8.

The Federal Rules were designed to require pleading that stated enough information to put the opposing party on notice. *Conley v. Gibson,* 355 U.S. 41, 47–8, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The Rules do not require a plaintiff to make her entire case in her complaint. In fact, "the pleading of evidence is disfavored and evidentiary material may be stricken from the complaint." *Safeway Stores, Inc. v. Meat Price Investigator's Ass'n,* 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980). Although Defendant is not asking Plaintiff to attach evidentiary material, the principle remains the same; in federal court, a pleading that puts the opposing party on notice of alleged acts or omissions is sufficient.

Section 1395dd(f) does provide that "[t]he provisions of this section do not preempt any state or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." Section 6–5–551, *Code of Alabama,*

---

**6.** Section 6–5–551 reads as follows:

"In any action for injury, damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff. The plaintiff shall amend his complaint timely upon ascertainment of new or different acts or omis-

sions upon which his claim is based; provided, however that any such amendment must be made at least 90 days before trial. Plaintiff shall be prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission. Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief can be granted."

applies, however, to a cause of action, in contract or tort, against a health care provider based upon an alleged breach of the standard of care. Conversely, § 1395dd is based upon liability for violation of statutory requirements. The federal cause of action is independent of and wholly separate from any state cause of action for breach of a standard of care. The pleading necessary for a state medical malpractice action, a state procedural requirement, is totally different from and irrelevant to a cause of action based upon violation of a federal statute. *See Reid v. Indianapolis Osteopathic Medical Hosp., Inc.*, 709 F.Supp. 853, 855 (S.D.Ind.1989). Therefore, the Motion to Dismiss on this ground is due to be denied.

### C.

Humana Hospital alleges that the complaint is due to be dismissed because it is barred by the applicable statute of limitations.[7] Section 1395dd(d)(2)(C) provides that "[n]o action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought." Plaintiff alleges that the acts or omissions giving rise to this claim occurred on May 4, 1990. The complaint was filed on April 27, 1992. The complaint was, therefore, timely filed. The Motion to Dismiss on this ground is due to be denied.

### D.

Finally, Humana Hospital alleges that the complaint is due to be dismissed because it fails to state a claim upon which relief can be granted. Plaintiff is demanding penalties from Humana Hospital under § 1395dd(d)(1)(A), which permits a civil money penalty of not more than $50,000.00 against a participating hospital that negligently[8] violates a requirement of the stat-

ute, and damages under Alabama's Wrongful Death Act, pursuant to § 1395dd(d)(2)(A), which authorizes such recovery by an individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of the statute.

 Section 1395dd(d)(1)(A) is a civil penalty provision to be enforced by the United States Government or one of its agencies, not by a private plaintiff. *See* 42 U.S.C. § 1320a–7a, made applicable by § 1395dd(d)(1)(A); *Cf. Baber v. Hospital Corp. of America*, 977 F.2d 872 (4th Cir. 1992) ("Administrative sanctions are penalties imposed by and paid to the Department of Health and Human Services; they are not available to private parties."); *Burditt v. U.S. Dept. of Health & Human Services*, 934 F.2d 1362, 1375 (5th Cir.1991)[9]. Section 1395dd(d)(2)(A) is the only provision that allows for enforcement by a private plaintiff. Therefore, Plaintiff's claim against Humana Hospital is governed by § 1395dd(d)(2)(A). The demand under § 1395dd(d)(1)(A) is due to be dismissed because there is no set of facts that would entitle Plaintiff to recover a civil money penalty against Humana under this section.

 Although Plaintiff did not aver that she was seeking damages pursuant to § 1395dd(d)(2)(A), it is clear to the court that since Plaintiff made a claim for damages for wrongful death available under state law, and such damages are only authorized by § 1395dd(d)(2)(A), that she is seeking to invoke jurisdiction pursuant to this section. The complaint states a claim for which relief can be granted under this section, and the Motion to Dismiss is due to be denied as to this claim.

---

**7.** Although neither Humana Hospital nor Holcomb refer the court to the applicable statute of limitations, the court is applying the statute of limitations found within the EMTALA.

**8.** The current version of § 1395dd(d)(1)(A) provides for liability against a participating hospital that negligently violates a requirement of the statute. This provision was amended in 1990 to substitute "negligently" for "knowingly". Although this does represent a change in the stan-

dard for liability against a hospital, it is not determinative in this case because Plaintiff has no standing to sue under either version of this provision.

**9.** *Burditt* and *Baber* hold that the civil penalty provision of § 1395dd(d)(1)(B) is enforceable by the Federal Government or one of its agencies. The rationale for these holdings applies with equal force to § 1395dd(d)(1)(A).

### E.

Plaintiff sued Monahan under 42 U.S.C. § 1395dd, *et seq.*, claiming penalties under the civil penalty provision of § 1395dd(d)(1)(B), which allows a penalty of not more than $50,000.00 against a responsible physician, and also claiming damages under the Alabama Wrongful Death Act, pursuant to 1395dd(d)(2)(A). As stated above, a private plaintiff's only cause of action pursuant to this statute is under § 1395dd(d)(2)(A). Section § 1395dd(d)(1)(B) does not allow a private plaintiff to collect the civil penalty. Thus, the Plaintiff may not maintain an action against Dr. Monahan under that section.

Section 1395dd(d)(2)(A) only provides for a private claim for a violation of this section against a participating hospital. It makes no provision for a suit against the responsible physician. Congress could as easily have provided a private remedy against a physician as against a hospital; it chose not do so. Federal courts may only hear cases where Congress has provided jurisdiction. Since there is no provision within § 1395dd, *et seq.* that allows a private plaintiff to sue a responsible physician for violating the statute, the court finds that it lacks jurisdiction over Defendant Monahan. *See Baber*, 934 F.2d 1362; *Jones v. Wake County Hospital System, Inc.*, 786 F.Supp. 538 (E.D.North Carolina 1991); *Delaney v. Cade*, 756 F.Supp. 1476, 1486 (D.C.Kan.1991); *Lavignette v. West Jefferson Medical Center*, No. 89–5495, 1990 WL 178708 (E.D.La. Nov. 7, 1990); *Verhagen v. Olarte*, No. 89 Civ. 0300 (CSH), 1989 WL 146265 (S.D.N.Y.1989); *but see Sorrells v. Babcock*, 733 F.Supp. 1189 (N.D.Ill.1990). Fed.R.Civ.P. 12(h)(3) provides that whenever it appears that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Accordingly, the court *sua sponte* finds that the claim against Monahan is due to be dismissed for lack of jurisdiction.

### III. Conclusion

Plaintiff properly amended her complaint to sue Humana Medical Corporation, Inc. She filed her complaint within the two year period provided in § 1395dd(d)(2)(C). The provisions of Ala.Code § 6–5–551 do not apply to a cause of action under § 1395dd because the Alabama provisions apply to state causes of action based on breaches of standards of care, whereas this federal claim is based upon alleged violations of federal statutory requirements.

Plaintiff improperly sued Defendants Monahan and Humana Hospital under § 1395dd(d)(1)(A) & (B), because the sections only authorize civil penalties to be recovered by the government, not by private plaintiffs, and the claims under those provisions are due to be dismissed. Plaintiff properly sued Defendant Humana Hospital under § 1395dd(d)(2)(A), seeking damages for wrongful death, and that claim is not due to be dismissed. There is no cause of action provided for a private plaintiff against a responsible physician under the provisions of this federal statute.

Therefore, Humana Hospital's Motion to Dismiss is due to be granted in part and denied in part. The court finds that it does not have jurisdiction over Monahan and will *sua sponte* dismiss the action against him.