Jacquelyn HUCKABY, et al., Plaintiffs,

v.

EAST ALABAMA MEDICAL CENTER, et al., Defendants.

Civ. A. No. 92–D–870–E.

United States District Court, M.D. Alabama, E.D.

Sept. 1, 1993.

Roy H. Phillips, Phenix City, AL, Self, Mullins & Robinson, Columbus, GA, for plaintiff.

John V. Denson, II, Corrine Tatum Hurst, Opelika, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DeMENT, District Judge.

This matter is now before the court on defendants East Alabama Health Care Authority, d/b/a East Alabama Medical Center (EAMC), and Emergency Transport System's (ETS) motion to dismiss, filed August 17, 1992, and defendants' motion to strike plaintiff's response in opposition to defendants' motion to dismiss, filed September 3, 1992. Plaintiff responded to defendants' motion to dismiss and motion to strike on August 31, 1992, and September 14, 1992, respectively. Also before the court is plaintiff's motion to amend, filed September 18, 1992, and defendants' motion to dismiss part of plaintiff's amendment, filed October 1, 1992. Plaintiff filed a response to defendants' motion to dismiss on October 15, 1992. For the reasons set forth below defendants' August 17th motion to dismiss is due to be DENIED. The defendants' motion to strike is due to be DENIED. The plaintiff's motion to amend is GRANTED in part and DENIED in part and the defendants' October 1st motion to dismiss is DENIED as MOOT.

## I. FACTS

According to the complaint, plaintiff's decedent, Mrs. Betty Nelline Wynn, suffered a stroke on September 19, 1990, and was transported to EAMC's emergency room for emergency treatment. The complaint alleges that Mrs. Wynn's condition was critical and was materially deteriorating. The attending emergency room physician was Dr. David Wheat. Dr. Wheat informed Mrs. Wynn's family that Mrs. Wynn needed the services of a neurosurgeon, but that the hospital "had problems in the past with getting neurosurgeons to accept patients from us." (Compl. at 3). Dr. Wheat recommended that the decedent be transferred. The decedent was transferred to St. Francis Hospital in Columbus, Georgia, and died soon after arriving. Plaintiff alleges that EAMC transferred Mrs. Wynn without first stabilizing her condition, even though EAMC had the capacity to stabilize and to treat Mrs. Wynn. Plaintiff maintains that the transfer of Mrs. Wynn in an unstable condition proximately caused her death. Plaintiff also asserts that EAMC did not fully inform Mrs. Wynn's family of the risk of transfer as required by law.

## II. MOTION TO DISMISS

■ The defendants, first, seek to dismiss the complaint for failure to state a cause of action under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd. Defendants assert that the plaintiff has stated no cause of action which would allow damages for wrongful death. The defendants also seek to dismiss the action because the plaintiff has failed to specify the amendment to 42 U.S.C. § 1395dd that is appropriate to this incident and because they are a governmental entity and as such are immune from any claims for punitive damages. In the alternative, the defendants seek to dismiss all claims for attorney's fees and all claims for injunctive relief. Defendants argue that § 1395dd and Alabama's Wrongful Death Statute is not applicable to them. The court will address the above grounds in order.

■ When considering a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Assuming that the facts are true, a complaint may be dismissed under Fed. R.Civ.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ In order to overcome a motion to dismiss under EMTALA, the plaintiff must allege that:

(1) the plaintiff went to the defendant's emergency room

(2) he/she had an emergency medical condition, and either

(3) the hospital did not adequately screen him/her to determine whether he/she had such a condition, or

(4) discharged or *transferred him/her before the emergency condition had been stabilized. (emphasis added).*

*Deberry v. Sherman Hosp. Assn.,* 741 F.Supp. 1302 (N.D.Ill.1990).

The plaintiff has met this standard. The plaintiff alleges that Mrs. Wynn went to the EAMC emergency room on September 19, 1990, suffering from a stroke and that she was transferred to St. Francis Hospital in Georgia before her condition was stabilized. These facts alone meet the above elements. At this stage of the proceedings, the court must assume that these facts are true. Thus the court finds clearly that the plaintiff has stated a cause of action for which relief can be granted.

■ The defendant next alleges that plaintiff has stated no cause of action that would allow damages for wrongful death. "Although Plaintiff did not aver that she was seeking damages pursuant to § 1395dd(d)(2)(A) [1], it is clear to the court that since Plaintiff made a claim for damages for wrongful death available under state law, and such damages are only authorized by § 1395dd(d)(2)(A), that she is seeking to invoke jurisdiction pursuant to this section." *Holcomb v. Monahan,* 807 F.Supp. 1526, 1530 (M.D.Ala.1992). In the complaint, plaintiff has clearly made a claim for wrongful death pursuant to Alabama's Wrongful Death Statute. These damages are clearly provided for under § 1395dd(d)(2)(A).

■ Defendants argue that the claim should be dismissed because plaintiff failed to specify the appropriate amendment to EMTALA that applies to this case. The court finds no basis for this argument. A clerical mistake is not an adequate ground for dismissal. It is clear that the plaintiff has

stated grounds for relief under EMTALA and such is sufficient.

■ Defendants' final argument is that EAMC is a governmental entity and as such is immune from suit. Ala.Code § 6–11–26 states that "[p]unitive damages may not be awarded against the state of Alabama ... or any agency thereof, *except* any entity covered under the Medical Liability Act." (emphasis added). The Medical Liability Act, Ala.Code § 6–5–480 et seq., covers "any licensed hospital" and allows all actions which give rise to a claim if commenced within two years. Clearly, EAMC is a hospital covered under the Medical Liability Act and thus is not immune from plaintiff's claim.

■ In the alternative, the defendants argue that the plaintiff's claim for attorney's fees and injunctive relief should be dismissed. § 1395dd(d)(2)(A) provides for "those damages available ... under the law of the State ... and such equitable relief as is appropriate." The statute clearly provides for any equitable relief that would be appropriate. Thus, the court believes it would be premature to dismiss all claims for equitable relief or attorney's fees, at this time.

Accordingly, it is CONSIDERED and ORDERED that defendants' motion to dismiss be and the same is hereby DENIED.

### III. MOTION TO STRIKE

Defendants also filed a motion to strike certain allegations in plaintiff's brief in response to defendant's motion to dismiss, asserting that the allegations are outside of the complaint and are subject to dispute. A motion to strike is governed by Fed.R.Civ.P. 12(f) which states that the court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." The court finds that the allegations set forth in plaintiff's brief in response are not "redundant, immaterial, impertinent, or scandalous" and as such should not be stricken from plaintiff's brief in response.

---

**1.** § 1395dd(d)(2)(A) states the damages available to an individual who suffers personal harm are those allowed under "the law of the State in

which the hospital is located, and such equitable relief as is appropriate."

Accordingly, it is CONSIDERED and OR-DERED that defendants' motion to strike be and the same is hereby DENIED.

## MOTION TO AMEND/MOTION TO DISMISS

■ Plaintiff next seeks to amend the complaint by changing the name of the defendants from "East Alabama Medical Center" to "East Alabama Health Care Authority d/b/a East Alabama Medical Center" and "Emergency Transport System, Inc." to "East Alabama Medical Center d/b/a Emergency Transport System." Plaintiff further seeks to add to the complaint a claim for personal injuries.

§ 1395dd(d)(2)(A) allows only for those damages allowed under state law. In Alabama, for wrongful death, only punitive damages are allowed. Plaintiff asserts that the claim for personal injuries is allowed under *King v. National Spa and Pool Institute, Inc.*, 607 So.2d 1241 (Ala.1992). In that case, the plaintiff was allowed to maintain the decedent's action for personal injuries under Alabama's Survival Statute and at the same time bring another action for wrongful death based on those same injuries. This case overruled prior case law which stated that a personal injury action did not survive plaintiff's death if a wrongful death claim based on those same injuries could be brought. In our case, the plaintiff would have the court find, under *King*, that in all cases involving wrongful death, the personal representative of a plaintiff may maintain both a personal injury claim and a wrongful death claim. However, *King* simply does not stand for this proposition. *King* is very clear and limited in its application. It is only where the plaintiff has filed a personal injury action before his death, and *then* dies, that both the wrongful death and personal injury claims may be maintained. Mrs. Wynn did not have a personal injury claim pending before her death and thus the personal injury claim now asserted by the plaintiff is inappropriate.

Plaintiff also seeks to change the name of the defendants. These name changes are in form only and do not change the identity of the defendants. Thus the amendment to change the names shall be granted.

Accordingly, it is CONSIDERED and OR-DERED that plaintiff's motion to amend be and the same is hereby GRANTED in part as to the name changes and is hereby DE-NIED in part as to the amendment to add claims for personal injuries.

Defendants' motion to dismiss the amendment is premised on the argument that the plaintiff may not add a claim for personal injuries. Having ruled that the amendment to add personal injuries claims is improper, defendants' motion to dismiss is moot.

Accordingly, it is CONSIDERED and OR-DERED that defendants' motion to dismiss the amendment be and the same is hereby DENIED as MOOT.