Cathy PARSONS, Plaintiff,

v.

Jerri BOURFF, Defendant.

No. IP 85–1326–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 15, 1989.

Edward F. Schrager, Robert W. York & Associates, Indianapolis, Ind., for plaintiff.

William C. Moore, Steckbeck & Moore, Indianapolis, Ind., Thomas J. Simmons, Kokomo, Ind., for defendant.

## ENTRY AND ORDER

McKINNEY, District Judge.

This cause comes before the Court on the defendant's motion to dismiss and motion for reconsideration. At issue is whether the plaintiff's complaint can proceed in light of the Supreme Court's ruling in *Will v. Michigan Department of State Police*, 491 U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Argument was held November 13, 1989, at a hearing attended by counsel for both parties. For the reasons set forth below, the Court hereby GRANTS the motion to dismiss as to the defendant in her official capacity and DENIES the motion as to the defendant in her individual capacity.

■ The issue in need of resolution can be framed as follows: was the defendant, Jerri Bourff, a state official acting in her official capacity when the complained of conduct occurred, and therefore not a "person" subject to suit under § 1983 pursuant to *Will?* The defendant claims Bourff was a state official and therefore the suit should be dismissed. The plaintiff, however, asserts in its responding brief that Bourff is a county officer and a local governmental entity and therefore suit is not precluded by *Will*.

Resolution of this issue requires an analysis of Bourff's position as clerk of the circuit court for Howard County. If this position is viewed as an "arm of the state" then the suit cannot proceed against Bourff in her official capacity.[1] *Will*, 109 S.Ct. at 2311. The answer depends, at least in part, upon the nature of the entity created by state law. *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977) (holding that under Ohio law a local school board is more like a county or city than it is an arm of the state).

---

1. Suit would not necessarily be precluded for injunctive relief. This issue is discussed *infra*.

Both parties cite the Constitution of the State of Indiana in support of their respective positions. The plaintiff cites Art. VI, § 2, which states in relevant part: "There shall be elected, in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court ..." The plaintiff maintains this provision establishes that the circuit court clerk is a county officer. The defendant, on the other hand, makes reference to Art. VII of the Constitution, which is the source of the state's judicial power and creates the state's judicial circuits. The defendant argues that Art. VII establishes that the judicial circuits are merely arms of the state. The Court finds neither argument compelling, and therefore must look elsewhere to resolve this issue.

The Court believes the case of *State ex rel. McClure v. Marion Superior Court, Room No. 1*, 239 Ind. 472, 158 N.E.2d 264 (1959), resolves this issue. In *McClure*, the Indiana Supreme Court was asked to decide who has the authority to fill a vacancy in the office of the clerk of a circuit court. In holding that the Governor, not the County Commissioners, is the proper party to fill such a vacancy, the court stated, "we have no alternative but to hold that the clerk of the circuit court is not a county officer but rather a circuit court officer, and that the appointive power to fill vacancies therein resides in the Governor of this State." *Id.*, 158 N.E.2d at 269. In so holding, the court noted that the legislature also has recognized that the office of clerk of the circuit court is not a county office, and the same is true of judges of the circuit court and prosecuting attorneys. *Id.; see also State ex rel. Pitman v. Tucker*, 46 Ind. 359 (1874).

The plaintiff attempts to avoid the result in *McClure* by arguing that the holding no longer is good law because the statute used for filling vacancies discussed in *McClure* has since been repealed. The plaintiff cites to I.C. 3–13–6–3, and I.C. 3–13–11–3 for the proposition that a circuit court vacancy now is filled by a caucus procedure involving county party members. Therefore, the plaintiff argues, a circuit court clerk is a county officer. This jump in reasoning at-

tempts to bridge a gap too wide. The fact that the procedure for filling unexpected vacancies in certain offices is to occur by county caucus does not mandate the conclusion that a clerk of the circuit court is a county officer. On the contrary, *McClure* makes it clear that a circuit court clerk is a judicial officer whose duties are tied to the court, rather than one who performs functions of government for the county of a political or civil character. *Id.*, 158 N.E.2d at 268, *quoting* 1951 Attorney General's Opinion No. 104. Therefore, the clerk is as much an arm of the state as is the court.

█ The plaintiff has cited no cases, either from Indiana or elsewhere, contrary to the holding in *McClure*. In fact, in plaintiff's trial brief, filed with this Court November 7, the plaintiff urged this Court to adopt the reasoning of *McClure*. At page 3 of this brief, the plaintiff argues as follows: "Bourff, in her official capacity, is an elected official of the state judicial system, *not* an official of the Howard County governmental system under the Board of Commissioners' jurisdiction, authority, supervision or control." (Emphasis supplied.) Apparently, counsel felt that such a characterization would assist the plaintiff in pursuing her official capacity claim. *Will* clearly makes such a belief misplaced.

*Will* held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. Having determined that a clerk of the circuit court is a state official, *Will* bars any action for damages against Bourff in her official capacity. Footnote 10 of *Will* states that injunctive relief could still be available because official-capacity actions for prospective relief are not treated as actions against the state. However, such relief is not available here because the plaintiff has failed to allege the claimed constitutional violation was caused by a policy or custom. *Monell v. Dept. Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Hossman v. Blunk*, 784 F.2d 793, 796 (7th Cir.1986). The pleadings filed herein are devoid of any allegation of a policy or custom violative of the plaintiff's first amendment

rights. Therefore, the plaintiff's claim against the defendant in her official capacity must be dismissed in its entirety.

 Having dismissed the plaintiff's official-capacity claims, the only remaining issue is whether the plaintiff can proceed against the defendant in her individual capacity. The defendant apparently maintains that the suit cannot continue against Bourff in her individual capacity. However, no authority is cited for this position. *Will* certainly involves no such limitation, as that case specifically limited its holding to states and officials acting in their official capacities. *Id.*, 109 S.Ct. at 2312. Moreover, the defendant makes no argument that any type of immunity protects her from suit in her individual capacity. Accordingly, the plaintiff may pursue her claim against the defendant in her individual capacity for damages. The plaintiff is precluded from seeking equitable or injunctive relief against the defendant in her individual capacity. *Lenea v. Lane,* 882 F.2d 1171, 1178–79 (7th Cir.1989); *see also Burt v. Board of Trustees of Edgefield City School Dist.,* 521 F.2d 1201, 1204 (4th Cir.1975).

IT IS SO ORDERED.