**BOARD OF TRUSTEES OF HAMILTON HEIGHTS SCHOOL CORPORATION, Ronald E. McGill, Sylvia Kay Hartley, Marcia A. House, Keith Schulenberg, and Laurence C. Beck, Individually and in their capacity as members of the Board of School Trustees of Hamilton Heights School Corporation, Appellants–Defendants,**

v.

**Roger V. LANDRY, Appellee–Plaintiff.**

**No. 06A01–9112–CV–380.**

Court of Appeals of Indiana, First District.

Nov. 2, 1993.

Rodney V. Taylor, David J. Theising, Christopher & Taylor, Indianapolis, Steven A. Holt, Holt, Fleck & Free, Noblesville, for appellants-defendants.

Richard J. Darko, Mary Jane Lapointe, Lowe Gray Steele & Hoffman, Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

### STATEMENT OF THE CASE

In this case we decide whether an Indiana school corporation and its officers acting in their official capacities are amenable to suit under 42 U.S.C. § 1983. Roger V. Landry, a schoolteacher, filed a complaint for damages against the Board of Trustees of Hamilton Heights School Corporation and its members, individually and in their capacities as members of the Board (collectively "Hamilton Heights"). Landry alleged violations of his constitutional rights, including infringement of academic freedom and denial of due process ("federal law claims") when Hamilton Heights suspended him for two days without pay and required him to make restitution after he permanently removed the glossaries from 146 science textbooks owned by the school. Hamilton Heights brings this interlocutory appeal from the trial court's denial of its motion for summary judgment on the federal law claims. We reverse and remand.

### ISSUES

The parties have raised several issues concerning whether Landry's complaint established a violation of his federally protected constitutional rights. We need not

consider these substantive claims[1] and decide only the following issues:

1. Whether the "law of the case" doctrine controls the outcome of this action.

2. Whether Hamilton Heights is a "person" amenable to a suit for damages under 42 U.S.C. § 1983 ("Section 1983").

## FACTS

This protracted litigation began in 1988. The relevant material facts are undisputed and are summarized in our previous opinion, *Board of Trustees of Hamilton Heights School Corporation v. Landry* (1990), Ind.App., 560 N.E.2d 102, *trans. denied*, as follows:

"During the 1986–87 school year Landry was a certified permanent teacher at Hamilton Heights Junior High School. On February 6, 1987, he removed the glossary from the back of 146 science textbooks owned by the school. The superintendent met with Landry on February 25, 1987, and the following day advised Landry by letter that the superintendent recommended Landry be suspended from work without pay for two days and repay the School Book Rental Fund $1.00 for each textbook damaged. After a Board hearing requested by Landry, the Board approved and ratified the disciplinary action recommended by the superintendent. On May 21 and 22, 1987, Landry was suspended from his teaching duties, and his paycheck was reduced by $220.00 for that period. The $146.00 damage charge also was paid."

*Id.* at 103–04.

Landry then filed a five count complaint and moved for summary judgment on Counts II, III and IV ("state law claims"). Hamilton Heights moved for summary judgment on all five counts. The trial court granted summary judgment for Landry. In the first appeal we reversed and directed the trial court to enter summary judgment for Hamilton Heights on the

state law claims, concluding that Hamilton Heights had the authority under state law to suspend Landry without pay and also to require him to make restitution for the damage to school property. *Id.* at 107. We also held that Landry did not allege or present evidence that the Board Members acted as individuals, and we directed the trial court to enter summary judgment for the Board Members. *Id.* at 108–09.

In this second appeal, Hamilton Heights appeals from the denial of its motion for summary judgment on Counts I and V, the remaining federal law claims in Landry's complaint. In its entry denying Hamilton Heights' motion, the trial court found that it had jurisdiction under 42 U.S.C. § 1983 and that genuine issues of material fact precluded summary judgment. We granted the petition for interlocutory appeal pursuant to Indiana Appellate Rule 4(B)(6).

## DISCUSSION AND DECISION

### Standard of Review

When reviewing the propriety of a ruling on a motion for summary judgment, we conduct the same inquiry as the trial court. *HCA Health Services v. Gregory* (1992), Ind.App., 596 N.E.2d 974, 975, *trans. denied*. We consider the pleadings and evidence designated under Trial Rule 56(C) without determining their weight or credibility. *Id.* Summary judgment will be granted only if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* The moving party bears the burden of proving the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed in favor of the non-moving party. *Id.* Although conflicting facts and inferences may exist regarding certain elements of a claim, summary judgment is proper where there is no real conflict regarding a fact dispositive of the litigation. *Citizens National Bank v. Indianapolis Auto Auction* (1992), Ind.App., 592 N.E.2d

---

1. Thus, we do not decide whether as a schoolteacher Landry had a constitutional right of academic freedom under the First Amendment. However, if Landry had such a right, we doubt that intentional damage to school property would be protected by the First Amendment under the guise of academic freedom.

1256, 1257. In this case, as in the first appeal, we conclude that the dispositive facts are not in dispute.

### *Issue One: Law of the Case*

■ We first address an argument which Hamilton Heights advances based upon the "law of the case" doctrine. Hamilton Heights contends that because we held in the first appeal that state law permitted the Board to discipline Landry, it is "simply beyond logical comprehension how such conduct" could be regarded as "a permissible exercise of academic freedom protected by the First Amendment." *See* Appellant's Brief at 34. Instead, we agree with Landry that the law of the case doctrine does not preclude our consideration of his federal law claims in this second appeal.

■ The "law of the case" doctrine provides that once a question has been decided on appeal, it is binding on both the trial court on remand and on this court in a subsequent appeal if the facts and parties are substantially the same. *Hinds v. McNair* (1980), Ind.App., 413 N.E.2d 586, 607. A prior appellate decision is conclusive on all questions actually considered and determined in the first appeal. *Horine v. Greencastle Production Credit Association* (1987), Ind.App., 505 N.E.2d 802, 804, *trans. denied.* The doctrine, however, does not foreclose appeals of issues not previously decided. *State v. Kuespert* (1981), Ind.App., 425 N.E.2d 229, 233, *trans. denied.*

In the previous appeal involving Hamilton Heights and Landry, we specifically noted that we were not deciding the federal law claims found in Counts I and V of Landry's complaint which remained pending. *Landry,* 560 N.E.2d at 109. The law of the case doctrine does not apply to Landry's federal law claims.

### *Issue Two: School Corporation's Status Under Section 1983*

Section 1983 does not create substantive rights but provides a cause of action and remedy for the deprivation of federally protected civil rights. It provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Our courts have not previously considered whether an Indiana school corporation can be sued under Section 1983.

■ Neither a state nor its officials acting in their official capacities are "persons" under Section 1983. *Will v. Michigan Department of State Police* (1989), 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58. Hamilton Heights contends that it is an agency and arm of the state and, thus, is not a "person" amenable to suit within the meaning of the statute. We agree.

■ Landry maintains that the United States Supreme Court's decision in *Monell v. Department of Social Services* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, is dispositive because in that case the Board of Education of the City of New York was found to be a "person" for Section 1983 purposes. *Id.* at 694–95, 98 S.Ct. at 2038, 56 L.Ed.2d at 638. In *Monell,* the Supreme Court reconsidered its holding in *Monroe v. Pape* that municipal corporations are immune from suit under Section 1983. *See Monroe v. Pape* (1961), 365 U.S. 167, 191, 81 S.Ct. 473, 486, 5 L.Ed.2d 492, 507. After re-examining the legislative history of the Civil Rights Act of 1871, the Court overruled *Monroe v. Pape* "insofar as it holds that local government units are *wholly* immune from suit under § 1983." *Monell,* 436 U.S. at 663, 98 S.Ct. at 2022, 56 L.Ed.2d at 619 (emphasis added). The Court concluded in *Monell* that the Eleventh Amendment is not a bar to municipal liability and that Congress intended for "municipalities and other local government units" to be included among those persons

subject to suit under Section 1983. *Id.* at 690, 98 S.Ct. at 2035, 56 L.Ed.2d at 635.

However, the Supreme Court expressly limited its holding in *Monell* to local government units which are not considered part of the state for Eleventh Amendment immunity purposes. *Id.* at 690 n. 54, 98 S.Ct. at 2035 n. 54, 56 L.Ed.2d at 635 n. 54. Later, in *Quern v. Jordan* (1979), 440 U.S. 332, 338, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358, the Supreme Court reaffirmed this Eleventh Amendment limitation on the reach of Section 1983 and ruled that Section 1983 does not "override the traditional sovereign immunity of the States." *Id.* at 341, 99 S.Ct. at 1145, 59 L.Ed.2d at 367. Recently in *Will*, the Court acknowledged the limitation it placed on the *Monell* holding, and in *Howlett v. Rose* (1990), 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332, the Court, following *Will*, stated again that "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett*, 496 U.S. at 365, 110 S.Ct. at 2437, 110 L.Ed.2d at 346; *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, 105 L.Ed.2d at 58. The Court in *Howlett* concluded that "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett*, 496 U.S. at 365, 110 S.Ct. at 2437, 110 L.Ed.2d at 346.

Thus, *Monell* and its progeny establish that whether a local governing body can be sued directly under Section 1983 is determined by whether that body has Eleventh Amendment immunity. In other words, the same analysis applies whether Eleventh Amendment immunity or immunity from suit under Section 1983 is at issue. *See Will*, 491 U.S. at 71, 109 S.Ct. at 2311–12, 105 L.Ed.2d at 58.

We refer to state law to determine whether an entity has Eleventh Amendment immunity and, thus, whether it is a "person" under Section 1983. *See Mt. Healthy Board of Education v. Doyle* (1977), 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471, 479. In *Mt. Healthy*, the Supreme Court concluded that an Ohio school board is "more like a county or a city than it is like an arm of the state" and held that an Ohio school board was not entitled to Eleventh Amendment immunity from suit in the federal courts. *Id.* at 280–81, 97 S.Ct. at 573, 50 L.Ed.2d at 479–80. Eleventh Amendment immunity "depends, at least in part, upon the nature of the entity created by state law." *Id.* at 280, 97 S.Ct. at 572, 50 L.Ed.2d at 479.

Thus, we must look to Indiana law to decide whether an Indiana school corporation has Eleventh Amendment immunity and whether it is amenable to suit under Section 1983.[2] Our inquiry concerning the nature of an Indiana school corporation must begin with the education clause found in Article 8, Section 1, of the Indiana Constitution:

> "Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government; it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual, scientific, and agricultural improvement; and to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all."

In many cases, Indiana courts have relied upon this clause when describing the relationship between local school corporations and the state.

In *State ex rel. Clark v. Haworth* (1890), 122 Ind. 462, 23 N.E. 946, our supreme court observed that the schools "are mat-

---

**2.** Landry, citing *Mt. Healthy*, invokes the definition of a "school corporation" found in the Indiana Tort Claims Act which provides that a school corporation is a "political subdivision." *See* IND.CODE § 34–4–16.5–2. He concludes that "Indiana law is like Ohio law in that the 'State' does not include political subdivisions, and political subdivisions do include school corporations as well as school boards." Appellee's Brief at 28. However, Landry's argument fails because the Indiana Tort Claims Act applies only to tort claims against governmental entities and public employees, while his complaint is based upon the alleged official violation of federally protected constitutional rights under Section 1983. *See* IND.CODE § 34–4–16.5–1, *et seq.*

ters of State, and not of local jurisdiction," and that "[t]he authority over schools and school affairs ... is a central power residing in the legislature of the State." *Id.* at 465, 23 N.E. at 947. In *Haworth,* the court said that "our Constitution, in language that cannot be mistaken, declares that it [the control of schools and school affairs] is a matter of the State and not the locality." *Id.* at 465–66, 23 N.E. at 947.

Our supreme court reaffirmed these principles in *State ex rel. Osborn v. Eddington* (1935), 208 Ind. 160, 195 N.E. 92. Noting that the people of Indiana have given constitutional significance to education in our state, the court observed:

"[T]he Constitution recognizes that the business of education is a governmental function and makes public education a function of state government as distinguished from local government. 'It was evidently the intention of the framers of the Constitution to place the common school system under the direct control and supervision of the state, and make it a quasi-department of the state government.' "

*Id.* at 164, 195 N.E. at 94 (citing IND. CONST. art. VIII, § 1).

These and other cases were followed in *United States v. Board of School Commissioners of Indianapolis* (S.D.Ind.1973), 368 F.Supp. 1191, *aff'd,* (7th Cir.) 483 F.2d 1406, *cert. denied,* 421 U.S. 929, 95 S.Ct. 1654, 44 L.Ed.2d 86 in which Judge Dillin examined the origin and nature of Indiana school corporations and the role of the state in public education. The court observed that "[u]nder the 1851 Indiana Constitution, the common schools as a whole are made a state institution." *Id.* at 1200. The court concluded that "[t]he employees of a school corporation undertake their duties not as officers of local units of self

government but as officers of the public school system, which is a State institution," and that local school corporations "are but agents of the State for purposes of administering the State system of education." *Id.* at 1200–01.

We find additional guidance in two recent Indiana federal district court decisions which considered the nature of the entity under Indiana law and denied relief under Section 1983. First, in *Grosz v. State of Indiana* (S.D.Ind.1990), 730 F.Supp. 1474, Judge Tinder considered whether the Indiana Department of Correction was amenable to a Section 1983 action. After consulting the statutory provisions regarding the powers and organization of the Department, the court determined that the Department was an arm of the state entitled to Eleventh Amendment immunity and immunity from suit under Section 1983 because it is not a "person." *Id.* at 1478.

Likewise, in *Parsons v. Bourff* (S.D.Ind. 1989), 739 F.Supp. 1266, the question presented was whether the clerk of a circuit court was a state official and subject to suit in her official capacity under Section 1983. *Id.* Judge McKinney relied upon Indiana law for the proposition that the clerk of a circuit court is a judicial officer. *Id.* at 1267 (citing *McClure v. Marion Superior Court, Room No. 1* (1959), 239 Ind. 472, 158 N.E.2d 264). Following *Mt. Healthy,* the court held that "the clerk is as much an arm of the state as is the court" and that since the clerk is a state official, *Will* bars a Section 1983 action against her in her official capacity.[3] *Parsons,* 739 F.Supp. at 1267.

The courts in *Grosz* and *Parsons* both followed the *Mt. Healthy* principle that whether a Section 1983 action will lie depends, at least in part, upon the nature of

---

**3.** In another case, *Colburn v. Trustees of Indiana University* (S.D.Ind.1990), 739 F.Supp. 1268, *aff'd,* (7th Cir.) 973 F.2d 581, the court considered whether under the Supreme Court's decision in *Will,* Indiana University and its officials are amenable to suit under Section 1983. The court suggested that Indiana University and its Trustees acting in their official capacities were not "persons" amenable to suit under Section 1983, noting that the Indiana University Board

of Trustees is a legal entity created by statute and that Indiana University is designated by statute as an agency of the State. *Id.* at 1280. However, the court ultimately avoided deciding whether Indiana University and its Trustees were "persons" under Section 1983 because the court was able to find immunity from suit and reach the same result on Eleventh Amendment grounds. *Id.* at 1280–81.

the entity created by state law. Applying that test, we hold that under Indiana law, an Indiana school corporation is not a local government unit but is an arm of the state for Eleventh Amendment purposes and is, therefore, not a "person" amenable to suit under Section 1983. Our conclusion is supported by both the Indiana Constitution and a substantial body of Indiana case law.[4] Thus, Landry cannot maintain a Section 1983 action against Hamilton Heights because an Indiana school corporation is not a "person" under 42 U.S.C. § 1983.

### CONCLUSION

Hamilton Heights is entitled to judgment as a matter of law on Counts I and V of Landry's complaint. As in the first appeal, Landry's action against the Board Members as individuals was improper, and they are also entitled to judgment on those counts.

We reverse the trial court's denial of Hamilton Height's motion for summary judgment and remand to the trial court with instructions to enter summary judgment on Landry's federal law claims in favor of the Board of Trustees of Hamilton Heights School Corporation and its Board members, both individually and in their capacities as members of the Board.

Reversed and remanded.

SHARPNACK, C.J., and BAKER, J., concur.

---

**4.** If further support were needed, we need only point to Title 20, which regulates virtually every aspect of public school operations and administration, *see* IND.CODE § 20–1–1–1, *et seq.,* and Title 21, which keeps public school finance under the strict control of the state and its agencies. *See* IND.CODE § 21–1–1–1, *et seq.* Both in theory and in fact, an Indiana school corporation is an arm of the state.