Nancy WINTERS, Deborah Morris, and Betty Wadlington, individually and as representatives of all similarly situated individuals, Plaintiffs,

v.

Faye MOWERY, individually and in her official capacity as Marion County Clerk; the United States of America; and Marion County, Indiana, Defendants.

No. IP 91–919 C.

United States District Court, S.D. Indiana, Indianapolis Division.

April 19, 1995.

Richard A. Waples, Stephen Laudig, Indianapolis, IN, for plaintiff.

Andrew P. Wirick, Hume Smith Geddes & Green, Winfield Ong, Asst. U.S. Atty., Brian W. Welch, Robert B. Scott, McHale Cook & Welch, Indianapolis, IN, for defendants.

BARKER, Chief Judge.

Plaintiffs move this Court to reconsider its previous decision dismissing the official capacity claims against Defendant Faye Mowery ("Mowery") on Eleventh Amendment grounds. For the reasons stated below, we grant Plaintiffs' motion but do not assess additional monetary damages against Mowery.

## I. DISCUSSION

### A. Eleventh Amendment Immunity

In its previous entry of November 4, 1993, the Court held that Defendant Faye Mowery was a "state official" and therefore not a "person" subject to suit in her official capacity under 42 U.S.C. § 1983. *See Winters v. Mowery,* 836 F.Supp. 1419, 1423 (S.D.Ind. 1993). The Court reasoned that because the clerk's duties are to the court and not the county and because in Indiana, the county courts "are exclusively units of the judicial branch of the state's constitutional system," *see Woods v. City of Michigan City, Indiana,* 940 F.2d 275, 279 (7th Cir.1991); therefore, functionally, the Marion County Clerk is a state official covered by Eleventh Amendment immunity. *See also Parsons v. Bourff,* 739 F.Supp. 1266 (S.D.Ind.1989); *Pruitt v. Kimbrough,* 536 F.Supp. 764, 766 (N.D.Ind. 1982), *aff'd* 705 F.2d 462 (7th Cir.1983); *State ex rel. McClure v. Marion Superior Court,* 239 Ind. 472, 158 N.E.2d 264 (1959); *Ruehman v. Village of Palos Park,* 842 F.Supp. 1043, 1048 (N.D.Ill.1993).

On November 14, 1994, the United States Supreme Court decided *Hess v. Port Authority Trans–Hudson Corp.,* —— U.S. ——, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994), a case involving whether a bistate railway—the Port Authority Trans–Hudson Corporation (PATH)—created pursuant to the Constitution's Interstate Compact Clause, was cloaked with Eleventh Amendment immunity from suit. The Supreme Court held that PATH was not cloaked with Eleventh Amendment immunity. *Id.* at ——, 115 S.Ct. at 397. In reaching its holding, the Supreme Court identified the most important concerns of the Eleventh Amendment—that federal court judgments not deplete state treasuries and that the sovereign dignity of the states be preserved. *Id.* at ——, 115 S.Ct. at 406. In other words, the determination of Eleventh Amendment immunity should focus on whether any judgment to be paid would derive from the state's treasuries. In this case, the parties do not dispute that any judgment against Faye Mowery would not be paid by the state's treasuries. Therefore, under the holding of *Hess,* Mowery is not entitled to Eleventh Amendment immunity.

Mowery urges this Court to reject the principles outlined in *Hess* and reaffirm our previous analysis based on the function of the position of Marion County Clerk. She maintains that *Hess* is distinguishable or at least limited to the context of multi-state entities. While it is possible to constrict *Hess* to multi-state entities, we can see no principled reason for doing so. In fact, a recent Fourth Circuit decision—*Gray v. Laws,* 51 F.3d 426, 432–33 (4th Cir.1995), at *5—vacated the dismissal of claims against two officials of a single state entity, the Orange County Health Department in North Carolina. The

Fourth Circuit reasoned that the Supreme Court in *Hess* derived its two principle factors—treasury and sovereignty concerns—from lower court cases addressing whether single state entities could be considered an arm of a state. *See Hess,* —— U.S. at ——, 115 S.Ct. at 404. Moreover, it noted that "essentially the same broad principles identified by the [Supreme] Court as relevant in the multistate entity context apply also in determining whether, within a single state, a governmental entity is 'state' or 'local' for purposes of the Eleventh Amendment." *Gray,* 51 F.3d at 431. Finally, the Court expressly rejected a functional analysis in light of *Hess:*

> ... the district court mistakenly assumed that in the Eleventh Amendment context, "[c]ourts have utilized a 'functional' analysis in determining whether an individual acts on behalf of the state or the county, noting that the same individual 'is not always a state employee or always a county employee' ... While it is true that whether a judgment against an official is payable from the state treasury on occasion may depend upon the function being performed by the official at the time of the alleged illegal conduct, the primary consideration of Eleventh Amendment immunity is whether the state is liable for the judgment against the employee, not the function performed by the employee."

*Gray,* 51 F.3d at 435.

The Court holds that in light of these recent decisions, Defendant Faye Mowery is not entitled to Eleventh Amendment immunity and vacates that portion of its previous entry dismissing the official capacity claims against her.

### B. Practical Effect of this Decision

■ Plaintiffs contend that the result of our finding Mowery liable in her official capacity would be to make her liable in money damages starting from August 15, 1989, two years prior to the filing of this litigation. The Court respectfully disagrees. We note initially that our holding today does not assess additional damages against Mowery, since Mowery's liability in her official capacity is merely another way of naming the responsible entity's (Marion County) liability.

*See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) ("... a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." (citations omitted)). Because Plaintiffs will recover money damages from Marion County, they cannot recover additional money damages from Mowery in her official capacity.

■ With regard to the starting date from which damages will be assessed, the Court notes that its initial decision to confine damages against the County to the period starting from August 15, 1991, rested on practical considerations regarding the difficulties of administering the payout of damages to individual recipients. Problems of fairly allocating damages and problems of proof multiply the further back in time one defines the class for the purposes of damages. Our pegging the class period to August 15, 1991, addressed these practical concerns by choosing a date on which Marion County and potential class members would have received official notice of the alleged taking of the Plaintiffs' interest. Without specific findings from discovery showing that the class definition should encompass a broader period (i.e. two years earlier as Plaintiffs desire), the Court is in no position to change its previous assessment of damages from the filing date of the original complaint.

Our holding today has no bearing on whether the date of damages recovery should be extended backward two years or not. It merely resolves the technical legal issue of official capacity liability in favor of Plaintiffs. Mowery is not subject to additional liability in damages; nor are Plaintiffs entitled to additional damages. The Court notes that it has stayed briefing on Plaintiffs' Motion to Reconsider Regarding the Time Period for Damages filed on February 24, 1995. The Court lifts its stay with regard to that particular motion as well as Plaintiff's Motion for Prejudgment Interest to be Included in the Final Judgment and orders Defendants to respond to Plaintiffs' motions within 20 days of this entry. Plaintiffs shall then have 10

days from the filing of Defendants' briefs to submit a reply brief.

It is so ORDERED.